UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA BADIN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 25-cv-163-RSH-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[ECF No. 8] |

On February 24, 2025, plaintiff Maria Badin filed a motion to remand this action to state court. ECF No. 8. Defendants Liberty Mutual Fire Insurance Company ("LMFIC") and Liberty Mutual Insurance Company ("LMIC") (collectively "Liberty Mutual Group") filed their opposition on March 17, 2025. ECF No. 11. Plaintiff filed a reply brief on March 24, 2025. ECF No. 13.

//

//

## I. BACKGROUND

On December 19, 2024, Plaintiff filed a class action lawsuit in the Superior Court of California, County of San Diego, against LMFIC, LMIC, and Doe defendants. ECF No. 1-2 (the "Complaint"). The Complaint brings claims for: (1) breach of contract under California law; (2) violation of the California Unfair Competition Law ("UCL"); and (3) breach of the implied covenant of good faith and fair dealing under California law. *Id.* ¶ 41–64. The Complaint defines the putative class as "all owners of Defendants' homeowners' insurance policies who were denied renewal based on a condition of their property that was misrepresented by Defendants." *Id.* ¶ 22.

On January 23, 2025, Plaintiff filed in Superior Court a one-page "Amendment to Complaint," stating that the true name of the person previously identified in the Complaint as "Doe 1" was instead Liberty Insurance Corporation ("LIC").[1] ECF No. 8-5 at 1. That same day, Plaintiff caused LIC's registered agent to be served with a copy of the one-page amendment. ECF No. 13-5 at 1.

Defendants timely filed a notice of removal on January 23, 2025, asserting that this Court has original subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), because the size of the putative class exceeds 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million as required under CAFA, 28 U.S.C. § 1332(d). ECF No. 1 ¶¶ 12, 13, 19. In support of its notice of removal, Defendant attached a declaration of Kevin Crowley, V.P. Underwriting at Liberty Mutual Group. ECF No. 1-3.

Plaintiff moves the Court to remand this action to state court on the grounds that: (1) Defendants' notice of removal was procedurally non-compliant; (2) Defendants failed to prove the parties are minimally diverse; and (3) Defendants failed to prove CAFA's amount in controversy requirement is met. ECF Nos. 8 at 1–2; 13 at 2–3.

---

[1] The Complaint does not contain any specific allegations as to Doe 1.

## II. LEGAL STANDARD

The Class Action Fairness Act ("CAFA") confers jurisdiction on federal district courts over class actions, when, among other things, the amount in controversy exceeds $5 million, exclusive of interest and costs, and there is minimal diversity between the parties. 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 396 (9th Cir. 2010); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019). Minimal diversity exists in CAFA actions where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

To remove a case from a state court to federal court under CAFA, "a defendant must file in the federal forum a notice of removal containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quotations omitted). The burden of establishing removal jurisdiction rests on the removing party. *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006)).

## III. DISCUSSION

### a. Procedural Compliance

Plaintiff argues that Defendants' notice of removal is "procedurally noncompliant with 28 U.S.C. § 1446," because it is not clear "which parties were, or were not, seeking removal of this action." ECF No. 8-1 at 4.

Section 1446(b)(2)(A) provides that:

> When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 USCS § 1446(b)(2)(A). LMFIC and LMIC have sought to remove this case, ECF No. 1 at 1, but Plaintiff argues that the third entity that it seeks to sue, LIC, was also required to join in or consent to the removal of the action.

"[V]iolation of the defendant unanimity rule – i.e., the failure to obtain the joinder or consent of all properly *served* defendants – is a procedural defect." *Atlantic Nat'l Trust*

*LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir. 2010) (emphasis added). Where a case is removed from California Superior Court, the California Code of Civil Procedure governs disputes about pre-removal service of process. *See Garcia v. PNC Bank, N.A.*, No. C 14-3543 PJH, 2014 WL 12658955, at *1 (N.D. Cal. Sep. 29, 2014) (applying California Rules of Civil Procedure to a pre-removal service dispute); *Lastra v. PHH Mortg. Corp.*, No. 10CV2571 JLS (NLS), 2011 U.S. Dist. LEXIS 39594, at *2 (S.D. Cal. Apr. 12, 2011) (same). Under California law, service of process requires service of a summons and complaint. Cal. Civ. Proc. Code § 415.10.

Here, LIC has not yet been adequately served. Plaintiff has filed a proof of service reflecting she caused a copy of the "Amendment to Complaint" to be served on LIC's registered agent, ECF No. 13-5 at 1, but there is no indication that LIC was also served with a summons and complaint. LIC therefore need not join or consent to the removal.

### b. Minimal Diversity

Plaintiff argues that 28 U.S.C. § 1332(c)(1) operates to defeat the Court's diversity jurisdiction. Section 1332(c)(1) provides:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1). Plaintiff suggests that pursuant to this statute, Defendants should be deemed to be citizens of every state in which Plaintiff or any class member resides, destroying minimal diversity. ECF No. 8-1 at 7.

Section 1332(c)(2) addresses certain "direct action[s]" against insurers. The Ninth Circuit defines the term "direct action" as used in this statute as comprising "those cases in which a party suffering injuries or damage for which another is legally responsible is

entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Nantes v. New London Cnty. Mut. Ins. Co.*, 441 F. App'x 517, 518 (9th Cir. 2011) (citing *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901–02 (9th Cir. 1982)). Thus, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) (citing *Beckham*, 691 F.2d at 901–02).

This lawsuit is not a "direct action" as defined by 28 U.S.C. § 1332(c)(1), because Plaintiff does not seek to impose liability on Defendants for the actions of a party insured by Defendants. Rather, Plaintiff's action seeks to impose liability on Defendants for Defendants' own actions, i.e., Defendants' refusal to renew homeowners' insurance policies. *See Beckham*, 691 F.2d at 902. "Such liability could not be imposed against" any other insured party. *See id.* Defendant LMIC is a citizen of Massachusetts where it is incorporated and maintains its principal place of business; and defendant LMFIC is a citizen of Illinois, where it is incorporated, and Massachusetts, its principal place of business. ECF No. 11 at 3. Plaintiff is a citizen of California. Accordingly, minimal diversity under CAFA is satisfied.

### c. Amount in Controversy

Plaintiff argues for the first time in her reply brief that the Liberty Mutual Defendants "failed to establish that they meet the dollar value threshold to remove the matter." ECF No. 13 at 3.

When a CAFA defendant removes a class action to federal court, its "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018). In a class action, "the claims of the individual class members shall be aggregated to determine" the amount in controversy. 28 U.S.C. §1332(d)(6). If the party seeking removal

makes factual allegations regarding the amount in controversy, and the other party disputes them, the party seeking removal bears the burden of demonstrating the amount in controversy by a preponderance of the evidence. *See Perez v. Rose Hills Co.*, --- F.4th ---, 2025 WL 811096 (9th Cir. Mar. 14, 2025).

Here, Defendants assert in their notice of removal that the "out of pocket damages" of Plaintiff and each prospective class member are approximately $450 per person. ECF No. 1 ¶ 16–17. Defendants assert that based on their records, more than 9,600 homeowners would likely fall within the class definition within the last four years, totaling $4,320,000. *Id.* ¶ 17. Plaintiff also seeks awards for emotional distress and punitive damages, treble damages, and attorney's fees and costs under state law. ECF No. 1 at 5. *Grant v. Cap. Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011) (noting that courts may consider statutory damages, including state law authorized treble damages and punitive damages, for purposes of calculating amount in controversy); *Chess v. CF Arcis IX LLC*, No. 20-cv-01625-CRB, 2020 WL 4207322, *4 (N.D. Cal. July 22, 2020) (same); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (noting that if attorney fees are recoverable by statute or contract, the fee claim is also included in determining the amount in controversy). Including these additional damages and attorney's costs, the amount in controversy exceeds $5 million. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774, n.4. (9th Cir. 2020) (noting that it is "reasonable to assume plaintiff's counsel would seek fees equal to 25% of possible compensatory and punitive damages"); *Leander v. Accent Controls, Inc.*, No. 24-cv-01821-GPC-SBC, 2025 WL 301294, *8 (S.D. Cal. Jan. 24, 2025) (collecting cases and accepting 25% estimate for attorneys' fees as reasonable).

Plaintiff does not contest these factual allegations—set forth by Defendants in their notice of removal—in her motion or in her reply brief. Instead, Plaintiff argues that the amount in controversy is not met because Defendants "do not allege which entity meets the $5,000,000 threshold." ECF No. 13 at 3. However, it is clear that the amount in controversy here applies to each of LMFIC and LMIC.

//

The Complaint refers to the two named defendants collectively as "Liberty Mutual." Complaint at 1. It makes no distinction of any kind between them, but in all respects treats them as identical. Based on the factual allegations and the nature of the claims, the Court infers that Plaintiff is pursuing a theory that both defendants are identically liable for the damages sought. The amount in controversy that defendants have established is therefore "in controversy" as to each of the Defendants. In the context of this pleading, it makes no sense to fault Defendants for failing to specify "which entity meets the $5,000,000 threshold." ECF No. 13 at 3. Although only one defendant is required to satisfy the amount in controversy, both defendants satisfy the amount in controversy here. *See Exxon Mobil Corp.*, 545 U.S. 546, 559 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement . . . the district court . . . has original jurisdiction."). Defendants have adequately established that the relief claimed at the time of removal meets the CAFA jurisdictional threshold.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand, ECF No. 8, is **DENIED**.

**IT SO ORDERED**.

Dated: April 2, 2025

_____
Hon. Robert S. Huie
United States District Judge